**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHEZHE WANG,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-1872<br><br>Agency No.<br>A213-200-932<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025**

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Zhezhe Wang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Wang's testimony and credible fear interview regarding the number of police who beat him and type of baton used, and the omissions regarding his wife's church attendance, arrest and release. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of the circumstances"). Wang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

We reject as unsupported by the record Wang's contention that the BIA used conclusory and general language in upholding the IJ's finding. Petitioner's contention that the IJ improperly relied on his credible fear transcript is not properly before the court because petitioner did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional).

Thus, in the absence of credible testimony, Wang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (failure to satisfy lower asylum standard results in failure to satisfy withholding

standard).

The temporary stay of removal remains in place until the mandate issues.

The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**